IN THE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

CARMEN GONZALEZ-MOLTALVO,   *

       Petitioner,   *

vs.   *   Case No. 97-229(JAF)

UNITED STATES OF AMERICA,   *

       Respondent.   *

*****************************

MOTION TO RE-VISIT PETITIONER'S CASE IN LIGHT OF

BLAKELY/BOOKER/FANFAN'S RULINGS

Now Comes, petitioner Carmen Gonzalez-Moltalvo, a federal female prisoner acting Pro-Se due to her poverty condition and with the assistance of another federal female prisoner Yraida Leonides Guanipa, hereby files this motion and respectfully request this Honorable court to grant this motion and in support she states as follows:

1. On June 30, 1998, petitioner plea guilty to Count One of the indictment that states that on a date unknown but not later than July of 1996, up to and including October 14, 1997, in Ponce, Juana Diaz, and San Juan, in the District

of Puerto Rico, and elsewhere within the jurisdiction of the court, petitioner and co-defendants, joined in a conspiracy to possess with intent to distribute in excess of 1 Kilogram of heroin and in excess of 5 Kilograms of cocaine in violation to 21 U.S.C.§§841(a)(1) and 846.

2. At the time of petitioner's plea the court concluded that because petitioner refused to be debriefed she did not qualify for the safety valve provisions of the Sentencing Guidelines §5C1.2.

3. Petitioner Offense Level was **31**, and a Criminal History Category **I**, the imprisonment range for level 31 is from 108 to 135, and because petitioner did not qualify for the safety valve instead of be sentenced to the lower of the range, the **Mandatory** sentence of 120 months was imposed.

4. On Wednesday January 12, 2005, the United States Supreme Court issued its opinion on **United States v. Booker and United States v. Fanfan, No. 04-104 and 04-105**, and held **Blakely v. Washington**, applied to the Federal Sentencing Guidelines, holding that the Guidelines can no longer be applied mandatorily.

5. On petitioner's case she was not only sentenced by her offense level of the sentencing guidelines, but the **Mandatory Minimum** of the sentencing guidelines was also imposed on her.

6. To concluded that **Booker/Fanfan** is not retroactive because the United States Supreme Court states that the ruling applies to defendants in "direct appeal" is in violation of defendant's due process and right to a jury trial, the fifth and sixth constitutional Amendments which shall be held to time limitations, further the Supreme Court **did not** state on its Booker/Fanfan ruling that the decision was not retroactive, it simple stated that will apply to defendants on direct appeal; furthermore the Supreme Court has stated in <u>United States v. Johnson, 457 U.S. 537, 549,; 102 S.Ct. 2579,2586; 73 L.Ed.2d 202 (1982)</u>: "[W]hen a decision of this Court merely has applied settled precedents to new and different factual situations, no real question has arisen as to whether the later decision should apply retrospectively. In such cases, it has been a foregone conclusion that the rule of the later case applies in earlier cases, because the later decision has not in fact altered that rule in any material way." See also **Truesdale v. Aiken, 480 U.S. 527; 107 S.Ct. 1394; 94 L.Ed.2d 539(1987) (per curiam);** <u>Dunaway v. New York</u>, **442 U.S. 200; 99 S.Ct.2248; 60 L.Ed.2d 824 (1979);** <u>Lee v. Missouri</u>, **439 U.S. 461,462; 99 S.Ct. 710, 711; 58 L.Ed.2d 736 (1979)(per curiam);** additionally the unconstitutionally of the Federal Sentencing Guidelines was not available to petitioner at the time of her plea guilty, sentencing, direct appeal, nor collateral review

even thought the Sixth Amendment issue has been raised in Jones, Aprendi, Blakely, Booker/Fanfan; however this is the First time the the United States Supreme Court states that the Federal Sentencing Guidelines is unconstitutional, therefore petitioner has shown that the new rule of constitutional law in Booker/Fanfan was "previously unavailable", AEDPA's "previously unavailable" language echoes the Supreme Court's case law which allowed "novel law" to establish "cause" for a procedural default only "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel." <u>Redd v. Ross</u>, 468U.S. 1,16(1984); <u>Bousley v. United States</u>, 523U.S. 614,622(1998); <u>Smith v. Murray</u>, 477 U.S. 527,536(1986); and finally as Douglas Berman, Professor of Law, stated in his webside BLOG, "retroactivity should not be a concern only for the courts. All branches of government pledge commitment to the U.S. Constitution, and thus, all branches of government should be concerned if a large number of defendants have been unconstitutionally sentenced. Indeed, I think executive and legislative officials, as well as, the U.S. Sentencing Commission have a constitutional responsibility to at least consider possible remedies for already sentenced defendants who, because of retroactivity doctrines, may not get relief in the courts."

Therefore for all the foregoing reasons, petitioner

prays that this Honorable court vacated the **Mandatory Minimum** provision of 10 years and sentence petitioner to the lower range of the guidelines that she plea guilty off whic is **108** months, since the guidelines are advisory; or to order an evidentiary hearing, appoint counsel and other ruling that this Honorable court may deem appropriate.

Respectfully submitted;

*Carmen Gonzalez Montalvo*
Carmen Gonzalez-Montalvo
**Pro**-Se
Reg. No. 16103-069
F.C.C. Coleman-Camp
P.O. Box 1027
Coleman, Fl. 33521-1027

February 18, 2005.

## CERTIFICATE OF SERVICE

I, Carmen Gonzalez-Moltalvo, certify under penalty of perjury that she mailed the foregoing document: Motion to Re-Visit Petitioner's Case in Light of Blakely/Booker/Fanfan's Rulings" to the Clerk of the Court this February 18, 2005 by certified mail No. **7000 1670 0010 9657 2418**, and a correct and true copy was mailed the same day by first class pre-paid envelope to Rosa E. Rodriguez-Velez. Executive Assistant U.S. Attorney. Room 452 Federal Bldg. 150 Carlos Chardon St. Hato Rey, PR 00918.


Respectfully;


*Carmen Gonzalez Montalvo*
Carmen Gonzalez-Montalvo.
Pro-Se

February 18, 2005.