UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>v.<br><br>**CARMEN GONZALEZ-MONTALVO**<br>Defendant. | **CRIM NO. 97-229 (JAF)** |

UNITED STATES OF AMERICA'S MOTION
IN REPLY TO PETITIONER CARMEN GONZALEZ MONTALVO'S
MOTION TO RE-VISIT HER CASE IN LIGHT OF THE
BLAKELY/BOOKER/ FANFAN  DECISIONS

TO THE HONORABLE COURT:

NOW COMES , the United States of America, by and through the undersigned attorneys, and very respectfully informs the Court as follows:

On March 1st., 2005 petitioner Carmen González-Montalvo filed a pro-se motion requesting that this Honorable Court vacate her mandatory minimum sentence of one hundred twenty months and resentence her to one hundred eight  months pursuant to the Blakely, Booker, and  Fan Fan's rulings.  The United States respectfully requests that her motion be denied for the following reasons.

1.  On June 30, 1998 petitioner González-Montalvo  pled guilty to Count One of the Indictment  under 21 United States Code Section 846.

2.  Petitioner misleading alleges that "the court concluded that because petitioner refused to be debriefed she did not qualify for the safety value provisions of the sentencing guidelines".
In reality, the United States and petitioner submitted a plea agreement in which it was stipulated that she would be held accountable for at least fifteen (15) but less than fifty (50) kilograms of cocaine (Plea Agreement is included for the Court's reference).

U.S. v. Carmen González-Montalvo
Criminal No. 97-29-(JAF)
Page No. 2

3. The parties also stipulated to recommend to the court a mandatory minimum sentence of one hundred and twenty months. Further, petitioner González-Montalvo acknowledged that she did not meet the criteria of U.S.S.G. 5 C1.2 (safety value provision). The District Court thereafter sentenced petitioner to the statutory minimum of one hundred twenty months imprisonment.

4. In <u>Apprendi v. New Jersey</u> 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed.2d 435 (2000); <u>Ring v. Arizona</u>, 536 U.S. 584, 122 S.Ct. 2428, 153 L. Ed. 2d 556 (2002); <u>Blakely v. Washington,</u> 542 U.S. _____, 124 S.Ct.2531 (2005) and <u>United States v. Booker,</u> _____ U.S. _____, 125 S.Ct. 738, _____ L.Ed, 2d \_\_\_\_\_ 2005 the Supreme Court developed a series of cases which delineated the implications of the Sixth Amendment in the sentencing of criminal defendants.

Specifically, in <u>Booker,</u> the court found that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt". <u>Booker</u> 125 S.Ct. at 756.

5. In the instant case, petitioner's argument fails as this Honorable Court sentenced her to the mandatory minimum sentence from facts stipulated or admitted to by petitioner as set forth in the plea agreement submitted by the parties.

6. Moreover, the First Circuit Court of Appeals recently decided the case of <u>United States v. Antonakopoulos,</u> No. 03-1384, F. 3d, 2005 WL 407365*- (1st Cir.2005) in which the Court decided that "generally there is no <u>Booker</u> argument if the sentence imposed was a statutory mandatory minimum sentence resulting from facts found by a jury or <u>admitted by the</u> defendant (emphasis ours) <u>Antonakopoulos,</u> at 14. <u>See also,</u> <u>United States v. Crosby</u>, No. 03-1675, 2005 WL 240916.

U.S. v. Carmen González-Montalvo
Criminal No. 97-29-(JAF)
Page No. 3

7. Petitioner's claim is thus foreclosed by the fact that she stipulated to the amount of drugs for which she should be held accountable. She also stipulated to her sentence of one hundred twenty months imprisonment, and that she did not qualify for guideline Section 5C1.2. After accepting the plea agreement, this Honorable Court was bound by this stipulation. See, United States v. Sahlin,

No. 04-1324; F.3d, 2005 WL407407*- (1st Cir. 2005).

8. Finally, it is the United States position that petitioner did not properly preserve or raise her Booker claim on direct review. Indeed, Booker is not retroactive to cases on collateral review. See, Schring v. Summerlin, 124 S. Ct. 2526 (2004) in which the Supreme Court considered whether Ring v. Arizona, applies retroactively to cases that had already become final when Ring was decided. The Court held that "Ring announced a new procedural rule that does not apply retroactively to cases already final in direct review". Supra, 124 S.Ct. at 2526. See also, Sepúlveda v. United States, 330 F.3d 55 (1st Cir. 2003); United States v. Brown, 305 F.3d 304 (5th Cir. 2002); and United States v. Swinton, 333 F.3d 481 (3d Cir. 2003) (In which the Court found that Apprendi established a procedural rule not cognizable on collateral review).

WHEREFORE, the United States respectfully prays that this Honorable Court DENY petitioner's motion.

US v. Carmen González-Montalvo
Crim. No. 97-229 (JAF)
Page 4

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 10th day of March 2005.

                                         H.S. GARCIA
                                         United States Attorney

/S/ Rosa Emilia Rodríguez-Vélez
Rosa Emilia Rodríguez-Vélez-124106
First Assistant U.S. Attorney
United States Attorney's Office
Chardón Tower, Suite 1201
#350 Carlos Chardón Street
San Juan, Puerto Rico 00918
Tel: (787) 766-5656
Fax: (787) 766-5632
E-mail: rosa.rodriguez@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 10, 2005, I mailed the foregoing to Petitioner Carmen González-Montalvo, F.C.C. Coleman-Camp, PO Box 1027, Coleman, FLA 33521-1027.

At San Juan, Puerto Rico, this 10th day of March, 2005.

/S/ Rosa Emilia Rodríguez-Vélez
Rosa E. Rodríguez-Vélez-124106