IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

5. CARMEN GONZALEZ MONTALVO
Defendant.

Criminal No. 97-229 (JAF)

Received & filed
June 30, 1998

## PLEA AGREEMENT

TO THE HONORABLE COURT:

COMES NOW the United States of America, by and through its attorneys, Guillermo Gil, United States Attorney for the District of Puerto Rico, Jorge E. Vega-Pacheco, Assistant U.S. Attorney, Chief, Criminal Division, and Sonia I. Torres, Assistant United States Attorney for said District, and the defendant, Carmen Gonzalez Montalvo, and the defendant's counsel, David Roman, Esq. and pursuant to Rule 11(e)(1)(A) and (B) of the Federal Rules of Criminal Procedure, state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:



1. The defendant, Carmen Gonzalez Montalvo, agrees to plead guilty to COUNT One of the pending superseding indictment. COUNT ONE charges the defendant that beginning on a date unknown but no later than July 1996, and up to on or about October 14, 1997, in Ponce, Juana Diaz and San Juan, with unlawfully, knowingly, intentionally and willfully conspiring with others known and unknown to the Grand Jury to possess with intent to distribute cocaine which amounts exceeded five (5) kilograms of cocaine and amounts of heroin which amounts exceeded

U.S. v Carmen Gonzalez Montalvo
Plea Agreement
Crim. No. 97-229 (JAF)
Page 2

one (1) kilogram of heroin, Schedule I and II Narcotic drug Controlled Substances. All in violation of Title 21, United States Code, Section 846.

2. The penalty for the offense is a term of imprisonment which shall not be less than TEN (10) years and a maximum of LIFE imprisonment, a fine not to exceed four million dollars ($4,000,000.00), and a term of supervised release of at least five (5) years in addition to any term of incarceration. The Court must also impose a mandatory penalty assessment of one hundred dollars ($100.00), per offense, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013.

3. The defendant acknowledges that she cannot be placed on probation, nor have the imposition or execution of the sentence suspended. Further, the defendant acknowledges that she is aware that parole has been abolished.

4. The defendant will pay a special monetary assessment of one hundred dollars ($100.00) per count, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a).

5. The defendant is aware that the Court may, pursuant to Section 5E1.2(I) of the Guidelines, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment and supervised release ordered. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately.

6. The defendant is aware that the defendant's sentence is within the sound discretion of the sentencing judge and will be imposed in accordance with the Guidelines (including the Guidelines Policy Statements, Application, and Background Notes). The defendant is aware that

U.S. v Carmen Gonzalez Montalvo
Plea Agreement
Crim. No. 97-229 (JAF)
Page 3

the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty. If the Court should impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this Plea ~~and Forfeiture~~ Agreement.

7. The defendant acknowledges that she is fully aware that the Court is not bound by this Plea Agreement, including, but not limited to: the sentencing guidelines calculations, stipulations, and/or sentence recommendations.

8. Subject to the provisions of paragraphs one (1) through seven (7) herein, the United States and the defendant agree to the following:

   a. The defendant shall be held accountable to at least fifteen (15) kilograms of cocaine but less fifty (50) kilograms of cocaine .

   b. Pursuant to U.S.S.G. Section 2D1.1, and the amount of at least fifteen (15) kilograms of cocaine but less than fifty (50) kilograms of cocaine attributed to the defendant the base offense level is **THIRTY-FOUR (34).**

   c. The base offense level shall be **reduced by THREE (3) levels** for acceptance of responsibility under Guidelines Section 3E1.1(b) provided that the defendant does, in fact, accept responsibility as required by said Guidelines Section.

   d. The **total adjusted base offense level would then be level THIRTY- ONE (31)**.

  e. **There will be no further adjustments or departures from the base offense level. The parties will recommend to the Court that the defendant be sentenced to the statutory minimum of ONE HUNDRED AND TWENTY MONTHS (120).**

  f. **The defendant acknowledges that she does not meet the criteria of U.S.S.G. 5C1.2.**

  g. The parties do not stipulate any assesment as to defendant Carmen Gonzalez Montalvo's Criminal History Category.

9. The United States and the defendant reserve the right to carry out their responsibilities under the sentencing guidelines. For example, the United States reserves the right: (a) to bring its version of the facts of this case, including its file and any investigative files, to the attention of the probation office in connection with that office's preparation of a pre-sentence report; (b) to dispute sentencing factors or facts material to sentencing; and/or to seek resolution of such factors or facts in conference with opposing counsel and the probation office.

10. The defendant represents to the Court that he is satisfied with her attorney, David Roman, Esq., and indicates that he has rendered effective legal assistance. Defendant understands that by entering into this agreement, she surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal defendants include the following:

  a. If the defendant had persisted in a plea of not guilty to the charges, defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

U.S. v Carmen Gonzalez Montalvo
Plea Agreement
Crim. No. 97-229 (JAF)
Page 5

    b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The defendant and the defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

    c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

    d. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

    e. At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilty could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

    11. The accompanying Statement of Facts signed by the defendant is hereby incorporated

U.S. v Carmen Gonzalez Montalvo
Plea Agreement
Crim. No. 97-229 (JAF)
Page 6

into this Plea Agreement. Defendant adopts the Statement of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

12. It is specifically understood by the defendant, Carmen Gonzalez Montalvo, that this Plea Agreement does not extend to or bind other federal districts, federal civil and/or tax authorities, and/or State or Commonwealth of Puerto Rico tax authorities, civil and/or State or Commonwealth of Puerto Rico law enforcement authorities.

13. It is understood by the defendant that she is entering into this Plea Agreement without compulsion, threats, or any other promises from the United States Attorney or any of his agents. The United States and Carmen Gonzalez Montalvo acknowledge that the above-stated terms and conditions constitute the entire Plea Agreement between the parties and deny the existence of any other terms and conditions not stated herein.

14. No additional promises, terms or conditions will be entered unless in writing and signed by all parties. The defendant acknowledges that no threats have been made against the



U.S. v Carmen Gonzalez Montalvo
Plea Agreement
Crim. No. 97-229 (JAF)
Page 7

defendant and that the defendant is pleading guilty freely and voluntarily because the defendant is, in fact, guilty.

GUILLERMO GIL
United States Attorney

For:
_____
Jorge E. Vega-Pacheco
Assistant U.S. Attorney
Chief, Criminal Division
Dated: June 29 1998

_____
Sonia I. Torres
Assistant U.S. Attorney
Dated: June 25, 1998

_____
David Roman, Esq.
Counsel for Defendant
Carmen Gonzalez Montalvo
Dated: 30 JUNE 1998

_____
Carmen Gonzalez Montalvo
Defendant
Dated: 30 JUNE 1998

U.S. v Carmen Gonzalez Montalvo
Plea Agreement
Crim. No. 97-229 (JAF)
Page 8

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u> which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I fully understand this agreement and I voluntarily agree to it.

Date: 30 JUNE 1998

_____
Carmen Gonzalez Montalvo
Defendant

U.S. v Carmen Gonzalez Montalvo
Plea Agreement
Crim. No. 97-229 (JAF)
Page 9

I am the attorney for the defendant, Carmen Gonzalez Montalvo. I have fully explained to the defendant her rights with respect to the pending Indictment. Further, I have reviewed the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, and I have fully explained to the Defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with the defendant. To my knowledge, the defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of her plea of guilty.

Date: 30 JUNE 1998

David Roman, Esq.
Counsel for Defendant

Pursuant to Rule 418 Local Rules of the Court for the District of Puerto Rico, a stipulated statement of facts is hereby filed, setting forth the facts comprising the relevant conduct leading to the acceptance of responsibility by the defendant.

## STATEMENT OF FACTS

That on August 19, 1997, Honorable Judge Hector Lafitte authorized the interception of telephone number (787) 837-0134, being utilized by Miguel Gonzalez-Sanchez, a.k.a "Chamby". On September 18, 1997, the Honorable Judge Hector Laffitte signed an order authorizing the continued interception of the above mentioned telephone. The interception terminated on or about October 16, 1997.

During the interception of the above mentioned phone the defendant was recorded on several occasions discussing the purchase and sale of narcotics with Miguel Gonzalez Sanchez. Defendant also served as an overall assistant and carry out counter surveillance for Miguel Gonzalez Sanchez.

GUILLERMO GIL
United States Attorney

_____
Sonia I. Torres
Assistant U. S. Attorney
Dated:

_____
David Roman, Esq.
Counsel for Defendant

_____
Carmen Gonzalez Montalvo,
Defendant
Dated:

UNITED STATES DISTRICT COURT
FOR THE District of PUERTO RICO

ENTERED ON DOCKET
10/29/98
PURSUANT TO FRAP 4(b)

| UNITED STATES OF AMERICA V. **CARMEN GONZALEZ MONTALVO** | JUDGMENT IN A CRIMINAL CASE (For Offenses Committed On or After November 1, 1987) Case Number: CR. NO. 97-229-5(JAF) |
|---|---|
| (Name of Defendant) | __DAVID ROMAN ESQ__ Defendant's Attorney |

THE DEFENDANT:

[X]   pleaded guilty to count(S) ONE  (1) _____.

[ ]   was found guilty on count(s) _____ after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Tittle & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21:846 | UNLAWFULLY AND INTENTIONALLY CONSPIRE TO POSSESS WITH INTENT TO DISTRIBUTE HEROIN | 07/96 | ONE |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has been found not guilty on count( ) _____, and is discharged as to such count(s).

[X]   Count( ) __REMAINING COUNTS__   (ARE) dismissed on the motion of the United States.

[X]   It is ordered that the defendant shall pay a special assessment of $ __100.00__, for count(S) __ONE__, which shall be due [X] immediately [ ] as follows, for a total of $100.00.

   IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, cost, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. SEC: __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__

Defendant's Date of Birth: __05-02-63__

Defendant's Mailing Address:

__15 WICHIE STREET, BO SAN ANTON__
__PONCE, PUERTO RICO 00715__

Defendant's Residence Address:
__-----SAME AS ABOVE---------__

*Usual copies to parties*
*Sentencing Commission*
*m & C*
*10/27/98*

10-15-98
Date of Imposition of Sentence

Signature of Judicial Officer

JOSE A. FUSTE, U.S. DISTRICT JUDGE
Name & Title of Judicial Officer

10-26-98
Date

AO 245 S (Rev. 4/90) Sheet 1 - Judgment in a Criminal Case

Defendant: CARMEN GONZALEZ MONALVO  
Case Number: CR. 97-229-5 (JAF)

Judgment-Page  2  of  4

# COMMITMENT

IT IS THE JUDGMENT OF THE COURT THAT THE DEFENDANT, **CARMEN GONZALEZ MONTALVO** IS HEREBY COMMITTED TO THE CUSTODY OF BUREAU OF PRISONS TO BE IMPRISONED FOR A TERM OF **120 MONTHS**.

[X]  The Court makes the following recommendations to the Bureau of Prisons:

THE COURT HIGHLY RECOMMENDS THAT DEFENDANT BE SERVE HER SENTENCE AT THE METROPOLITAN DETENTION CENTER IN GUAYNABO, PUERTO RICO.

[ ]  The defendant is remanded to the custody of the United States Marshal.

[X]  The defendant shall surrender to the United States Marshal for this district,

  [ ]  at _____  a.m.  p.m. on  NOVEMBER 5, 1998 _____.

  [ ]  as notified by the Marshal.

[ ]  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons

  [ ]  before 2 p.m. on _____.

  [ ]  as notified by the United States Marshal.

  [ ]  as notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____

_____

Defendant delivered on _____ to _____ at

_____, with a certified copy of this Judgment.

_____  
United States Marshal

By _____  
Deputy Marshal

AO 245 S (3/88) Sheet 2 - Imprisonmen

Defendant: CARMEN GONZALEZ MONTALVO  
Case Number: CR. 97-229-5(JAF)

Judgment-Page 3 of 4

## SUPERVISED RELEASE

It is the judgment of this Court, that upon release from confinement, the defendant shall be placed on Supervised Release for a term of <u>FIVE (5) YEARS TO BE SERVED UNDER THE FOLLOWING TERMS AND CONDITIONS:</u>

While on Supervised Release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of Supervised Release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

1. THE DEFENDANT SHALL NOT COMMIT ANY CRIMES, FEDERAL STATE OR LOCAL AND SHALL COMPLY WITH THE STANDARD CONDITIONS OF SUPERVISED RELEASE PROMULGATED BY THE UNITED STATES SENTENCING COMMISSION AND ADOPTED BY THIS COURT.

2. THE DEFENDANT SHALL NOT UNLAWFULLY POSSESS ANY CONTROLLED SUBSTANCES, AND SHALL REFRAIN FROM UNLAWFULLY POSSESSING FIREARMS, DESTRUCTIVE DEVICES, AND OTHER DANGEROUS WEAPONS.

3. THE DEFENDANT SHALL REFRAIN FROM THE UNLAWFUL USE OF CONTROLLED SUBSTANCES AND SHALL SUBMIT TO A DRUG TEST WITH FIFTEEN (15) DAYS OF RELEASE ON SUPERVISED RELEASE, AT LEAST TWO (2) TESTS THEREAFTER, AND WHENEVER REQUESTED BY THE US PROBATION OFFICER. IF ANY SUCH SAMPLES DETECT DETECT SUBSTANCE ABUSE, THE DEFENDANT SHALL, AT THE DISCRETION OF THE US PROBATION OFFICER, PARTICIPATE IN A SUBSTANCE ABUSE TREATMENT PROGRAM, ARRANGED AND APPROVED BY AUTHORIZED PROGRAM PERSONNEL WITH THE APPROVAL OF THE US PROBATION OFFICER.

(HAVING CONSIDERED THE FINANCIAL CONDITION OF THE DEFENDANT, THE COURT WILL NOT IMPOSE ANY FINE).

### STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev. 4/90) Sheet 3 - Supervised Release

Defendant: CARMEN GONZALEZ MONTALVO  
Case Number: CR. 97-229-5(JAF)

Judgment-Page 3 of 4

## SUPERVISED RELEASE

It is the judgment of this Court, that upon release from confinement, the defendant shall be placed on Supervised Release for a term of FIVE (5) YEARS TO BE SERVED UNDER THE FOLLOWING TERMS AND CONDITIONS:

While on Supervised Release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of Supervised Release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

1. THE DEFENDANT SHALL NOT COMMIT ANY CRIMES, FEDERAL STATE OR LOCAL AND SHALL COMPLY WITH THE STANDARD CONDITIONS OF SUPERVISED RELEASE PROMULGATED BY THE UNITED STATES SENTENCING COMMISSION AND ADOPTED BY THIS COURT.

2. THE DEFENDANT SHALL NOT UNLAWFULLY POSSESS ANY CONTROLLED SUBSTANCES, AND SHALL REFRAIN FROM UNLAWFULLY POSSESSING FIREARMS, DESTRUCTIVE DEVICES, AND OTHER DANGEROUS WEAPONS.

3. THE DEFENDANT SHALL REFRAIN FROM THE UNLAWFUL USE OF CONTROLLED SUBSTANCES AND SHALL SUBMIT TO A DRUG TEST WITH FIFTEEN (15) DAYS OF RELEASE ON SUPERVISED RELEASE, AT LEAST TWO (2) TESTS THEREAFTER, AND WHENEVER REQUESTED BY THE US PROBATION OFFICER. IF ANY SUCH SAMPLES DETECT DETECT SUBSTANCE ABUSE, THE DEFENDANT SHALL, AT THE DISCRETION OF THE US PROBATION OFFICER, PARTICIPATE IN A SUBSTANCE ABUSE TREATMENT PROGRAM, ARRANGED AND APPROVED BY AUTHORIZED PROGRAM PERSONNEL WITH THE APPROVAL OF THE US PROBATION OFFICER.

(HAVING CONSIDERED THE FINANCIAL CONDITION OF THE DEFENDANT, THE COURT WILL NOT IMPOSE ANY FINE).

### STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev. 4/90) Sheet 3 - Supervised Release

Defendant: CARMEN GONZALEZ MONTALVO         Judgment-Page 4 of 4
Case Number: CR. 97-229-5(JAF)

## STATEMENT OF REASONS

[X]  The court adopts the factual findings and guideline application in the presentence report.

OR

[ ]  The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

   Total Offense Level: _____ 31 _____

   Criminal History Category: __I__

   Imprisonment Range: 108 TO 135 MONTHS.

   Supervised Release Range: FIVE (5) YEARS

   Fine Range: $ 15,000.00 to $ 4,000,000.00

   [X]  Fine is waived or is below the guideline range, because of the defendant's inability to pay.

   Restitution: $ _____

   [ ]  Full restitution is not ordered for the following reason(s):

[ ]  The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

OR

[ ]  The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

OR

The sentence departs form the guideline range

   [ ]  upon motion of the government.

   [ ]  for the following reason(s):

AO 245 S (Rev. 4/90) Sheet 7 - Statement of Reasons